# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA UNIVERSITY,**
**Employer Below, Petitioner**

**vs.)    No. 16-0560** (BOR Appeal No. 2051030)
                    (Claim No. 2015031223)

**SARAH E. RODEHEAVER,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner West Virginia University, by H. Dill Battle III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

The issue on appeal is whether Mrs. Rodeheaver's claim is compensable. On July 1, 2015, the claims administrator denied compensability of the claim. The Office of Judges reversed the decision and held the claim compensable for bilateral knee injuries in its December 10, 2015, Order. The Order was affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly wrong based upon the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Rodeheaver, a cook, asserts she was injured on May 17, 2015, when she was getting out of a van and twisted her knees. Ms. Rodeheaver sought treatment for the first time on June 17, 2015, when she was treated by Lawrence Scalzo, D.O., with MedExpress. Ms. Rodeheaver provided a history of having twisted both knees while getting out of a van at work on May 17, 2015. She stated she had been in continuous pain since that time. On examination, Ms. Rodeheaver had limited range of motion on flexion and extension due to pain. X-rays revealed no evidence of fracture or effusion. Dr. Scalzo diagnosed knee pain of an uncertain cause. He prescribed medication and recommended she follow-up with a specialist.

1

The claims administrator rejected the claim on July 1, 2015, as the medical records did not support that an achy pain in Ms. Rodeheaver's bilateral knees was the result of the May 17, 2015, injury. On July 22, 2015, Erica Murray, PA-C, with MedExpress, saw Ms. Rodeheaver who stated her knee was getting worse as she felt it snapping. She also said the pain was worse when she was on her feet for long periods of time. Ms. Rodeheaver reported the pain was brought on suddenly, and she denied twisting her knees or falling. She had a history of similar symptoms in the past. On examination, Ms. Rodeheaver had full range of motion on flexion and extension, but it was painful. She also had swelling of the knees, tenderness to palpation in both patella, and crepitus on palpation of both patellas. Ms. Rodeheaver was given a shot of Toradol. Ms. Murray diagnosed arthritis and knee pain and recommended follow-up with physical therapy.

On August 15, 2015, Ward Pain, M.D., provided Ms. Rodeheaver a release to return to work with no restrictions. Ms. Rodeheaver wrote on the slip that she had the doctor release her because she could not afford to pay to keep going back and forth for her knee since workers' compensation had denied her benefits.

On December 10, 2015, the Office of Judges reversed the claims administrator's July 1, 2015, decision and held the claim compensable for bilateral knee injury. It found the claim should be held compensable for an injury to the knee, although it was unknown exactly what the injury was. It determined that it was very likely that Ms. Rodeheaver sprained both knees but that the treating physician could furnish evidence to the claims administrator at a later time as to what the precise diagnosis is. The Office of Judges also determined that the lack of a precise diagnosis should not prevent the claim from being held compensable. It concluded that Ms. Rodeheaver suffered a compensable injury to both knees on May 17, 2015.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2016. After review, we disagree with the Board of Review. Ms. Rodeheaver failed to prove she suffered a compensable injury on May 17, 2015. The evidence shows she was seen for pain in her knees on June 17, 2015, and July 22, 2015. A preponderance of the evidence shows Ms. Rodeheaver had achy knees. It does not show that the knee pain she was experiencing was due to her twisting her knees while getting out of a van. There is no evidence of medical treatment until at least one month following the alleged injury, and there is certainly no evidence that Ms. Rodeheaver experienced sprained knees as the result of this alleged injury. It was Ms. Rodeheaver's burden to prove she was injured at work, and the submission of two medical records showing she had pain in her knees is insufficient proof.

For the foregoing reasons, we find that the decision of the Board of Review is clearly wrong based upon the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the claims administrator's July 1, 2015, decision rejecting the claim.

Reversed and remanded.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Robin J. Davis
Justice Margaret L. Workman